UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID TANG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-CV-1116 PLC |
| | ) |
| EATON CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Eaton Corporation's motion to dismiss Plaintiff David Tang's petition pursuant to Fed R. Civ. P. 12(b)(6). [ECF No. 4] Plaintiff filed a response in opposition. [ECF No. 17] For the reasons below, the Court grants Defendant's motion.

**I.     Procedural and Factual Background**

The facts, as alleged in the complaint are as follows: Plaintiff is a 56-year-old-male of Vietnamese and Chinese descent who is employed by Defendant. [ECF No. 1, ¶¶ 6 & 7] On October 30, 2018, Defendant terminated Plaintiff and another employee as die setters. [Id. ¶ 10] On December 17, 2018, Defendant reinstated Plaintiff's employment but brought him back as a packer, a lower position, while his co-worker was reinstated as a die setter. [Id. ¶¶11 & 12, Ex. A] On April 26, 2019, "[a] shift production supervisor working for Defendant wrote to Defendant's plant manager," stating Plaintiff "should be reinstated as a die setter" based on his knowledge and experience. [Id. at ¶ 14] Plaintiff alleges Defendant kept him in the lower position of packer "because of his age and national origin." [Id. at ¶ 15]

Plaintiff filed a Charge of Discrimination (the "Charge") against Defendant with the Equal Employment Opportunity Commission (the "EEOC") on February 25, 2020, alleging

1

discrimination on the basis of age and national origin. [Id. at ¶ 15, Ex. A] In the Charge, Plaintiff checked the box for "continuing action" and included allegations that he was the victim of "continuing and ongoing discrimination" beginning on the date of his reinstatement through the "present[.]" [ECF No. 1 at ¶ 3, Ex. A] Plaintiff included factual allegations related to his termination and reinstatement, specifically alleging he was reinstated at a lower position due to his age and national origin. [ECF No. 1, Ex. A] The EEOC issued a "Right to Sue" letter on July 28, 2022. [ECF No. 1 at ¶ 3]

On October 24, 2022, Plaintiff filed a complaint in this Court, bringing claims of national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq., and age discrimination pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et seq. [ECF No. 1] Plaintiff alleges he is "the subject of ongoing and continuous age and national origin discrimination by Defendant." [Id. at ¶ 8] Plaintiff asserts he was "demoted to less desirable work because of his age and national origin" and that he has "been forced to endure a lower labor position" due to this discrimination.[1] [Id. at ¶¶13, 16] Plaintiff further alleges "Defendant continued to keep Plaintiff in a lower position because of his age and national origin" after his supervisor's April 26, 2019 communication to Defendant's plant manager. [Id. at ¶14-15]

Defendant moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 4] Defendant contends Plaintiff's claims are time-barred because he failed to file his discrimination Charge with the EEOC within 300 days after the alleged acts of discrimination as required by 42 U.S.C. §2000e-5(e)(1) and 29 U.S.C. §626(d)(1)(B). [Id. at ¶¶ 2, 3, 4] Specifically, Defendant contends (1) Plaintiff's December 2018 reinstatement to a lower position was an alleged

---

[1] Although Plaintiff's Charge and complaint include facts related to his termination, he does not allege that his termination was discriminatory or seek any relief related to this event. [ECF No. 1, Ex. A]

2

discrete act of discrimination that occurred outside of the 300-day limitations period, and (2) Plaintiff's continuation in that position after his supervisor recommended Plaintiff's reinstatement as a die setter in April 2019 letter was not an adverse employment action and, to the extent it could be construed as such, is also outside the limitations period.[2] [ECF No. 4 & 5]

Plaintiff responds that his EEOC Charge was timely filed because the alleged discrimination is "ongoing and continuous" and that his Charge includes sufficient allegations of ongoing and continuous discrimination. [ECF No. 17] Plaintiff asserts he sufficiently alleged an "ongoing and continuous" action because "[e]very day Plaintiff is on that lower job is another event of 'ongoing and continuous' discrimination." [Id. at ¶¶ 5, 7, 9] Plaintiff further argues there is a reasonable inference that Defendant made a discriminatory "employment 'determination'" after his supervisor's April 2019 reinstatement recommendation. [Id.]

On March 15, 2023, the Court held a hearing on Plaintiff's motion to dismiss, at which the parties presented oral argument on their respective positions.

**II.    Legal Standard**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(b). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When considering a motion to dismiss for failure to state a claim,

---

[2] Defendant also argues: (1) Plaintiff's termination was outside of the limitations period, and (2) to the extent Plaintiff is attempting to assert a claim for hostile work environment separate from his reinstatement claim, Plaintiff's claim should be dismissed because he did not include any factual allegations supporting the claim in his EEOC charge. [ECF No. 5] Because Plaintiff is not seeking any relief related to his termination and does not raise a hostile work environment claim, the Court does not address these arguments.

a court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Cole v. Homier Distrib. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.     Discussion

Defendant seeks dismissal of Plaintiff's complaint contending the claims are time-barred because Plaintiff filed his February 25, 2020 EEOC Charge more than 300 days after the alleged acts of discrimination. [ECF No. 4 & 5]  Specifically, Defendant contends that Plaintiff's reinstatement to a lower position on December 17, 2018 was a discrete act and that Plaintiff's February 25, 2020 EEOC Charge was filed outside of the 300-day limitations period. [ECF No. 5] Defendant also asserts that its alleged failure to reinstate Plaintiff to his former position on April 26, 2019 was not an adverse employment action and, to the extent that it could be classified as such, it would constitute a discrete act that is also outside of the limitations period. Defendant further contends Plaintiff's allegations of discrete acts of discrimination do not support a theory of ongoing and continuous discrimination which would render his Charge timely. [ECF Nos. 4 & 5] Plaintiff opposes Defendant's motion, asserting his claims are not time-barred because every day he remains in the lower position constitutes a new act of discrimination. [ECF No. 17]

Exhaustion of administrative remedies is a condition precedent to the filing of an action under Title VII and the ADEA. See 42 U.S.C. § 2000e-5 (Title VII); Brooks v. Midwest Heart Grp., 655 F.3d 796, 800 (8th Cir. 2011) (Title VII); Anderson v. Durham D & M, L.L.C., 606 F.3d 513, 523 (8th Cir. 2010) (ADEA). Exhaustion requires Plaintiff to timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge, and receipt of a notice of the right to sue. See 42 U.S.C. §2000e-5(b), (e), (f)(1); 29 U.S.C. §626(b), (d). An

4

aggrieved party must file a charge of discrimination no more than 300 days after the alleged unlawful employment action.³ 42 U.S.C. §2000e-5(e)(1); Brooks, 655 F.3d at 800.

"If the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because 'the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge.'" Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006) (quoting Nichols v. Am. Nat'l Ins. Co., 154 F.3d 875, 887 (8th Cir. 1998)). "In determining whether a claim is 'like or related to' a plaintiff's EEOC charge, courts focus heavily on whether the allegations in the complaint are enough to put the employer on notice of the conduct complained of and the general basis for the claim." Ewing v. Fresh Ideas Mgmt. LLC, No. 4:07-CV-1068 CEJ, 2007 WL 4210062, at *3 (E.D. Mo. Nov. 27, 2007) (citing Fair v. Norris, 480 F.3d 865, 867 n. 2 (8th Cir.2007)).

For "discrete" acts of discrimination, the employee must exhaust the administrative process for each act for which he or she brings a claim. Wedow v. City of Kanas City, Mo, 442 F.3d 661, 672-73 (8th Cir. 2006). In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court held:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the [300-day] time period after the discrete discriminatory act occurred.

Id. at 113.

Courts have recognized termination, demotion, failure to promote, denial of transfer, and

---

³ An aggrieved party must file an EEOC complaint within 180 days following the alleged unlawful employment action, but the filing deadline is extended to 300 days in cases where the employee first initiates proceedings with a state or local agency. 42 U.S.C. § 2000e-5(e). The parties agree that the 300-day deadline applies here.

refusal to hire as discrete discriminatory acts. See Id. at 114 (termination, failure to promote, denial of transfer, and refusal to hire are discrete discriminatory acts); Tademe v. St. Cloud State University, 328 F.3d 982, 988 (8th Cir. 2003) (discrimination in tenure and failure to promote are discrete discriminatory acts), Ross v. City of Independence, Mo, 76 Fed. Appx. 108, 109 (8th Cir. 2003) (each decision not to promote is a discrete event); Davis v. Lohr Distrib. Co, Inc., No. 4:18-cv-1437 HEA, 2019 WL 2053848, at *6 (E.D. Mo. May 9, 2019) ("claims of discrimination as a result of being assigned less desirable routes, failure to receive promotions, denial of vacation requests each were actionable at the time that they occurred"); Borders v. Trinity Marine Products, Inc., No. 1:10-CV-00146 HEA, 2011 WL 1045560, at *3 (E.D. Mo. Mar. 17, 2011) (demotion, failure to promote, and denial of equal pay are separate discrete discriminatory acts).

Hostile work environment claims are the exception to the bar on the consideration of discriminatory actions that occur outside the statutory period. Morgan, 536 U.S. at 115-17. In contrast to discrete acts, these claims by "[t]heir very nature involve…repeated conduct" and, therefore, it cannot be said that the unlawful employment practice occurs "on any particular day." Id. at 115-16. For these claims, the entire time period of the hostile environment may be considered for determining liability as long as one act contributing to the claim occurs within the filing period. Id. at 117.

Plaintiff filed his EEOC Charge on February 25, 2020. Pursuant to the statute, only those allegedly unlawful employment acts occurring within 300 days of the filing, or on or after May 1, 2019, were subject to administrative exhaustion through the Charge. U.S.C. § 2000e-5(e)(1) and 29 U.S.C §626(d)(1)(B). Thus, any alleged acts of discrimination which pre-date May 1, 2019 are time-barred under 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C §626(d)(1)(B). Plaintiff's complaint alleges two incidents of discrimination: (1) Plaintiff's reinstatement to the lower position of packer on December 17, 2018, and (2) Defendant's continuation of Plaintiff in this position after

6

Plaintiff's supervisor recommended Plaintiff be reinstated as a die setter in April 2019. [ECF No. 1, Ex. A]  Despite being outside of the limitations period, Plaintiff contends these events are actionable.

    A.  <u>Plaintiff's December 17, 2018 Reinstatement</u>

First, Plaintiff maintains that the discrimination is "ongoing and continuous" because every day he remains in the lower position constitutes a new violation. In his response to Defendant's motion to dismiss, Plaintiff did not cite to any legal authority supporting his assertion that an employee's continuation in a lower position after a demotion constitutes an ongoing violation. [ECF No. 17]

At the hearing, Plaintiff cited language from the Supreme Court decision in <u>Bazemore v. Friday</u>, 478 U.S. 385, 395 (1986), stating that "[e]ach week's paycheck that delivers less to a black than to a similarly situated white is a wrong actionable under Title VII…[,]" and asserted this supported a finding that, at the least, Plaintiff is suffering from a new, actionable violation every two weeks when he is paid a decreased salary resulting from his December 2018 reinstatement in a lower position. This quotation, however, was taken out of context, as it apparent by the remaining portion of the quotation: "… regardless of the fact that this pattern was begun prior to the effective date of Title VII." <u>Id.</u> at 396. This language from <u>Bazemore</u> rejected the contention that Title VII did not apply to current discriminatory compensation practices simply because those practices commenced before Title VII was passed.[4] <u>Id.</u> at 395-97. Thus, the issue was whether Title VII prohibited current discriminatory conduct that originated in pre-Title VII discriminatory practices, not whether the employees' lawsuit was timely filed. <u>Id.</u> at 395-97. Plaintiff's interpretation of

---

[4] The employers in <u>Bazemore</u> did not immediately eliminate their pre-Title VII discriminatory compensation practices after the Act's passage and the Court of Appeals concluded the employers were not liable for their continued post-Title VII disparate treatment because it was the result of pre-Title VII discriminatory conduct. <u>Id.</u> at 391, 394-96.

7

Bazemore is inconsistent not only with the case itself but also with the Supreme Court's subsequent holding in Morgan which specifically addressed the timeliness of EEOC charges of discrimination for discrete acts.

In Morgan, the Supreme Court made it clear that "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." Morgan, 536 U.S. at 112-13, (quoting Delaware State College v. Ricks, 449 U.S. 250, 257 (1980)). The discriminatory act occurs when the employment decision is made and communicated to the plaintiff and it is insufficient for a complainant to allege that the past illegal act "gives present effect…and therefore perpetuates the consequences of forbidden discrimination." Ricks, 449 U.S. at 258 (quoting United Air Lines, Inc. v. Evans, 431 U.S. 553, 557 (1977)). Thus, the Court's "proper focus is upon the time of the discriminatory act, not upon the time at which the consequences of the acts became most painful." Ricks, 449 U.S. at 258 (quoting Abramson v. University of Hawaii, 594 F.2d 202, 209 (9th Cir.1979)). Similarly, the Eighth Circuit has held that the statute of limitations began to run when the employment decision was made, "even though the effects of that decision were felt much later." Tademe, 328 F.3d at 988; see also High v. Univ. of Minnesota, 236 F.3d 909, 909 (8th Cir. 2000) (noting the Eighth Circuit "has never applied the continuing violations doctrine to a discrete act, such as failure to promote"). Therefore, Plaintiff's filing of the EEOC Charge on February 25, 2020 was untimely with regard to his claim of discrimination in his December 2018 reinstatement.

B.  April 26, 2019 Communication from Plaintiff's Supervisor

In his Complaint, Plaintiff included a second allegedly discriminatory incident that occurred when "[a] shift production supervisor working for Defendant wrote to Defendant's plant manager on, or about, April 26, 2019" stating that "[Plaintiff] should be reinstated as a die setter." [ECF No. 1 at ¶ 14]  Plaintiff alleged "Defendant continued to keep Plaintiff in a lower position

8

...

[after this communication] because of his age and national origin." [Id. at ¶15] Although this alleged act of discrimination is also outside the 300-day filing period, Plaintiff asserts the Court can make a reasonable inference that "the communication dated April 26, 2019 by the plant supervisor resulted in an employment 'determination' by Defendant after April 26, 2019." [ECF No. 17 at ¶ 10]

Giving Plaintiff the benefit of all reasonable inferences from his factual allegations, the Court cannot find a discrete discriminatory act occurred within the 300-day limitations period. Plaintiff's allegation that his supervisor suggested to the plant manager that Plaintiff be reinstated as a die setter does not support a reasonable inference that Defendant made an adverse employment decision at all, much less that Defendant made one more than 6 days later within the statutory deadline. See Morgan, 536 U.S. at 112-13 (the "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.").

At the March 15, 2023 hearing on the motion to dismiss, Plaintiff's counsel asserted the April 26, 2019 correspondence was actually a "formal application" to reinstate Plaintiff into his former position as a die setter and that Defendant provided a "response" several days later. Counsel argued Defendant's response was a discrete discriminatory act but acknowledged that the claim was not properly pleaded in the complaint. Counsel stated he would submit a written motion for leave to amend the pleadings so that he could cure the complaint's defects.

Pursuant to the March 1, 2023 Case Management Order, the deadline for filing all motions to amend the pleading was April 3, 2023, almost three weeks after the March 15, 2023 hearing on the motion to dismiss. [ECF No 21]. As of the date of this memorandum and order, Plaintiff has not filed a motion for leave to amend the pleadings and the time to do so has passed. Thus, the Court is reviewing Plaintiff's complaint as originally pleaded, which contains insufficient factual allegations to support a reasonable inference that Defendant made a discrete adverse employment

decision against Plaintiff after the limitations period began on May 1, 2019.

Furthermore, even if Plaintiff had amended his pleading to include additional factual allegations consistent with Counsel's statements at the hearing, Plaintiff is then presented with a new problem: the failure to exhaust his administrative remedies. Plaintiff did not include any allegations in the narrative section his EEOC Charge related to the alleged April 2019 application for reinstatement as a die setter or Defendant's alleged denial of the application due to age and national origin discrimination. Plaintiff's Charge included only allegations of discrimination in his termination and reinstatement which would not lead the EEOC to investigate the April 2019 communication or subsequent related decision. By failing to include factual allegations related to these alleged discrete discriminatory acts in his Charge, Plaintiff has failed to exhaust his administrative remedies, a condition precedent to the filing of an action. See Cottrill, 443 F.3d at 634 (a plaintiff's civil action is limited to acts that grow out of or are reasonably related to the allegations in the EEOC charge); Wedow, 442 F.3d at 672-73 (employee must exhaust the administrative process for each discrete act of discrimination).

## IV. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [ECF No. 4] is **GRANTED** and this case is **DISMISSED without prejudice**. A separate order of dismissal will accompany this Memorandum and Order.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of May, 2023